DICKINSON, Respondent, v. SALMON, Appellant. (City Court of New York, General Term. May, 1901.) Action by Patrick E. Dickinson against Hamilton H. Salmon. Johnston & Johnston (Edward W. S. Johnston, of counsel), for appellant. George F. Langbein, for respondent.

SCHUCHMAN, J. The complaint sets forth as a cause of action plumbing repairs amounting to $136.38, made between January 7 and March 30, 1896, ordered by one Frank Yoran, as agent of the defendant. The answer sets up a general denial. At the trial, the making of the repairs and the reasonable value thereof were proved by the plaintiff and not disputed by the defendant. The defendant's contention is—First, that there is a failure of proof that he (the defendant) had authorized Yoran to order the repairs to be made or to employ the plaintiff to make them; and, second, that he (the defendant) was not acting as a principal, but as the agent of his mother. The evidence adduced at the trial shows that Yoran died on April 13, 1897, and that for about three years prior thereto he collected the rent of the premises upon which the said repairs were made, and sent the defendant a monthly statement of the rents, crediting thereon his commission and expenses for repairs, and also sending checks to the defendant's order for the balance, and which checks the defendant indorsed in his own name. The evidence further shows that on November 16, 1899, the defendant individually brought a suit in the New York supreme court against the executors of Yoran on a verified complaint, wherein the defendant alleged that theretofore, and for several years prior to his death (that is, the said Yoran's death), he (Yoran) was employed by this plaintiff (the defendant herein) as agent to collect for the plaintiff, and to turn over to him the rents of certain real property, and that said Yoran owed him (the plaintiff; this defendant), for rent collected and not paid over to him, $1,997.50, and which allegations were reaffirmed by the defendant's testimony at the trial before the surrogate. From this evidence the jury had the right to infer that Yoran was the defendant's agent authorized to order repairs to be made, and that the defendant was liable as principal. The defendant being an in-

terested witness, the jury had also the right to disbelieve his testimony. We therefore think that substantial justice has been rendered by the jury's verdict, and the judgment and order appealed from are affirmed, with costs. Judgment and order affirmed, with costs.

DELEHANTY, J., concurs.